1  SEYFARTH SHAW LLP
   Elizabeth J. MacGregor (SBN 267326)
2  emacgregor@seyfarth.com
   Steven Wong (SBN 293343)
3  stewong@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:  (415) 397-2823
5  Facsimile:   (415) 397-8549

6  Attorneys for Defendants
   PEAK CALIFORNIA RESTAURANT GROUP, LLC;
7  PEAK RESTAURANT PARTNERS, LLC; ERICK
   BARRAGAN
8

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13 | YVETTE GONZALEZ, ROSA GUZMAN,          | Case No.
   | MARGARITA GONZALEZ, and JORGE          |
14 | BERROTERAN, individuals and on behalf of all |
   | others similarly situated,             |
15 |                                        | **DEFENDANTS PEAK CALIFORNIA**
   |                Plaintiff,              | **RESTAURANT GROUP, LLC, PEAK**
16 |                                        | **RESTAURANT PARTNERS, LLC, AND**
   |        v.                              | **ERICK BARRAGAN'S NOTICE OF**
17 |                                        | **REMOVAL OF PLAINTIFFS' CLASS**
   | PEAK CALIFORNIA RESTAURANT GROUP,      | **ACTION COMPLAINT**
18 | LLC, a Georgia limited liability company; PEAK |
   | RESTAURANT PARTERS [sic] LLC, a limited | [CONTRA COSTA COUNTY SUPERIOR
19 | liability company doing business as iHop; ERICK | COURT CASE NO. C25-00935]
   | BARRAGAN, an individual and DOES 1 through |
20 | 100, inclusive,                        | [Filed concurrently with Corporate Disclosure
   |                                        | Statement, Certificate of Interested Parties, and
21 |                Defendant.              | Declaration of Patricia Martinez Ards]

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Peak California Restaurant Group, LLC ("Peak") Peak Restaurant Partners, LLC (erroneously sued herein as "Peak Restaurant Parters [sic] LLC") ("PRP"), and Erick Barragan ("Barragan") (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. sections 1332(c), 1332(d), 1441, 1446, and 1453, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), and removal jurisdiction, 28 U.S.C. § 1332(c), to effectuate the removal of the above-captioned action from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California, and states that removal is proper for the reasons set forth below.

"Congress intended CAFA jurisdiction to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (the "Supreme Court left no doubt" there is no antiremoval presumption for CAFA cases); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

## I.     BACKGROUND

1.     On April 1, 2025, Plaintiffs Yvette Gonzalez, Rosa Guzman, Margarita Gonzalez, and Jorge Berroteran ("Plaintiffs") filed an unverified class action complaint in the Superior Court of California for the County of Contra Costa entitled, *Yvette Gonzalez, Rosa Guzman, Margarita Gonzalez, and Jorge Berroteran, individuals and on behalf of all others similarly situated v. Peak California Restaurant Group, LLC, a Georgi limited liability company; Peak Restaurant Parters [sic] LLC, a limited liability company doing business as iHop; Erick Barragan, an individual and DOES 1 through 100, inclusive*, Case No. C25-00935. A true and correct copy of all process, pleadings, and orders served on Defendants in this action are attached hereto as **Exhibit A**, as required by 28 U.S.C. section 1446(a) and are incorporated by reference as though fully set forth herein.

2.     The Complaint purports to allege eight causes of action, on a class basis, as follows: (1)

Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal

Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties; (6) Wage Statement

Violations; (7) Failure to Indemnify Necessary Business Expenses; and (8) Unfair Competition.

Pursuant to Code of Civil Procedure section 382, Plaintiffs purport to seek to represent the following

class: "all current and former non-exempt employees of Defendants within the State of California at any

time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice

of the class action is provided to the class …." (Compl., ¶ 28.)

3.     Plaintiffs caused the Summons and Complaint, among other related documents, to be

served on the agent of service of process for Defendants Peak and PRP on April 9, 2025.  Defendant

Barragan was served with the Summons and Complaint, among other related documents, on April 15,

2025.

4.     On May 9, 2025, Defendants filed their Answers to the Complaint in the Superior Court

of California, County of Contra Costa. A true and correct copy of the Answer filed on behalf of Peak

and PRP is attached hereto as **Exhibit B**.  A true and correct copy of the Answer filed on behalf of Erick

Barragan is attached hereto as **Exhibit C**.  Conformed copies of Defendants' Answers are not currently

available.  Defendants have not filed any other pleadings or papers in this action prior to this Notice of

Removal.

5.     The exhibits listed above constitute all prior pleadings, process, and orders in

Defendants' possession that have been filed with the court in this matter.

## II.     TIMELINESS OF REMOVAL

6.     Notice of removal is timely if it is filed within 30 days after the service of the complaint

or summons. 28 U.S.C. §1446(b)(1) ("The notice of removal … shall be filed within 30 days after the

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based, or within 30 days after the service of

summons upon the defendant ….").

7.     The service of process that triggers the 30-day period to remove is governed by state law.

*Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC, PEAK RESTAURANT PARTNERS, LLC, AND
ERICK BARRAGAN'S NOTICE OF REMOVAL OF PLAINTIFFS' CLASS ACTION COMPLAINT
317729058v.1

to federal court, the question whether service of process was sufficient prior to removal is governed by state law."); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

8.    Defendants' Notice of Removal is timely, because it is filed on May 9, 2025, which is within 30 days of Plaintiffs' service of the Summons and Complaint on Peak and PRP on April 9, 2025, and of service of the Summons and Complaint on Barragan on April 15, 2025. 28 U.S.C. § 1446(b); Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint ….").

## III.    REMOVAL BASED ON JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

9.    This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified in relevant part in 28 U.S.C. section 1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs; it is a purported class action in which at least one class member is a citizen of a state different from that of one of the named defendants, 28 U.S.C. § 1332(d)(2), (6); and the number of putative class members is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

### A.    There is Minimal Diversity for Removal Under CAFA.

10.    Minimal diversity under CAFA is present if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, at least one member of the putative class and one of the named defendants are diverse from one another.

#### 1.    Every Plaintiff in This Action Is a Citizen of California.

11.    For purposes of determining diversity, a person is a "citizen" of the state in which he or

4

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC, PEAK RESTAURANT PARTNERS, LLC, AND ERICK BARRAGAN'S NOTICE OF REMOVAL OF PLAINTIFFS' CLASS ACTION COMPLAINT

317729058v.1

she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state"). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12.     Here, all of the Plaintiffs are residents of California. (Compl., ¶ 2 ["Plaintiff Yvette Gonzalez is a resident of the State of California."], ¶ 3 ["Plaintiff Rosa Guzman is a resident of the State of California."], ¶ 4 ["Plaintiff Margarita Gonzalez is a resident of the State of California."], ¶ 5 ["Plaintiff Jorge Berroteran is a resident of the State of California."]).

13.     Plaintiffs' intent to remain domiciled in California is further evident from the fact that they collectively brought this lawsuit against Defendants in the Superior Court of the State of California for the County of Contra Costa.

14.     Furthermore, Plaintiffs seek to represent a class that consists exclusively of "all current and former non-exempt employees of Defendants *within the State of California* at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class action is provided to the class …." (Compl., ¶ 28 [emphasis added].) That all putative class members sought to be represented by Plaintiffs are residents or citizens of California more than satisfies the requirement of minimal diversity: that at least one potential class member has a citizenship that is diverse from at least one defendant. *See e.g.*, *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (reversing order to remand; "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as *one class member* has citizenship diverse from that of one defendant") (internal

citations omitted) (emphasis added); *Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *1 (S.D. Cal. July 5, 2019) (denying motion to remand; "The minimal diversity requirement is satisfied if '*any member of a class* of plaintiffs is a citizen of a State different from any defendant'") (internal quotations omitted) (emphasis added).

### 2. Defendants Peak and PRP Are Not Citizens of California.

15.     Defendants Peak California Restaurant Group, LLC and Peak Restaurant Partners, LLC are, and were at the time of the filing of this action, citizens of states other than California within the meaning of 28 U.S.C. section 1332(c)(1).

16.     Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

17.     Rather, for purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). S*ee also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted. For example … under § 1332(d)(10), 'an unincorporated association [is] ... deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'").

18. Accordingly, for purposes of diversity jurisdiction "[u]nder CAFA, a limited liability company is 'deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" *Clemons v. Element Materials Tech. Huntington Beach LLC*, 2022 WL 1203096, at *2 (C.D. Cal. Apr. 22, 2022); *see also Hernandez v. Pure Health Rsch. LLC*, 2023 WL 7029213, at *3 (S.D. Cal. Oct. 25, 2023) ("[W]here a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business"); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714-15 (N.D. Cal. 2021) (recognizing that "[a]pplying the traditional diversity rule-considering an LLC a citizen of every state of which its members are citizens—would likely undermine [Congress'] intent" in CAFA actions, and holding that an LLC's citizenship is determined by its principal place of business and state of organization); *Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) ("the Court finds that for purposes of CAFA, Defendant [an LLC] is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'"); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) ("For CAFA's purposes, [Shellpoint Partners, LLC] is a citizen both of the state where it has its principal place of business and the state under whose laws it is organized. See 28 U.S.C. § 1332(d)(10).").

19. The U.S. Supreme Court held that when determining a business' principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the nerve center test, the "principal place of business" means the location where a business' high-level officers direct, control and coordinate its activities on a day-to-day basis. *Id*. ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

20. Defendant Peak California Restaurant Group, LLC is a limited liability company organized under the laws of the State of Georgia. (Declaration of Patricia Ards ("Ards Decl.", ¶ 7; *see also* Compl., ¶ 6 ["Plaintiffs are informed and believe and based thereon allege that defendant [Peak California Restaurant Group, LLC] is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Georgia …."].) Moreover, the

State of Texas is the site of Defendant's executive offices, where its high-level officers direct, control, and coordinate Defendant's activities. (*Id.*) Accordingly, Peak is a citizen of the states of Georgia and Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(d)(10).

21.    Likewise, Defendant Peak Restaurant Partners, LLC is similarly organized under the laws of the State of Delaware.  (Ards Decl., ¶ 6).  Additionally, Defendant Peak Restaurant Partners, LLC maintains its executive offices, where its high-level officers direct, control, and coordinate Defendant's activities, in the State of Texas.  (*Id.*)  For these reasons, PRP is a citizen of the states of Delaware and Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(d)(10).

22.    Because at least one of the Plaintiffs or putative class members is a citizen of California and Defendants Peak and PRP are citizens of states other than California, minimal diversity exists for purposes of CAFA.

### 3.    The Citizenship of Defendant Erick Barragan is Irrelevant.

23.    Because minimal diversity exists under CAFA, it is irrelevant whether the other named defendant, Erick Barragan, is allegedly "an individual residing in California." (Compl., ¶ 8.)

### 4.    Doe Defendants' Citizenship Must Be Disregarded.

24.    The presence of Doe defendants has no bearing on diversity of citizenship for purpose of removal. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"). Accordingly, the existence of "DOES 1 to 100" in the Complaint does not deprive this Court of jurisdiction. *Abrego*, 443 F.3d at 679-80 (rule applied in CAFA removal).

### B.    There Are More Than 100 Putative Class Members.

25.    CAFA requires that the aggregate number of members of all proposed classes in the complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

26.    The purported class alleged in the Complaint includes "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class action is provided to the class …." (Compl., ¶ 28.)

27.    From April 1, 2021 to May 6, 2025, PRP employed approximately 420 non-exempt employees in California. (Declaration of Patricia Martinez Ards ["Ards Decl."], ¶ 3) These former and current employees fall within Plaintiffs' alleged class. Accordingly, there are more than 100 putative class members pursuant to 28 U.S.C. § 1332(d)(5)(B).

**C.    The Amount In Controversy Exceeds $5,000,000.**

28.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).

29.    In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

30.    The Ninth Circuit and federal courts in California have found that any doubts over the amount in controversy in a CAFA action should be resolved in favor of federal jurisdiction.  *See, e.g.*, *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("'CAFA's language favors federal jurisdiction over class actions.'") (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended . . . all doubts [be] resolved 'in favor of exercising jurisdiction over the case.'")); *Mesa v. Enloe Med. Ctr.*, 2021 WL 1187274, at *2 (E.D. Cal. Mar. 30, 2021) (noting that "CAFA . . . favor[s] federal jurisdiction"); *Clark v. WorldMark, The Club*, 2019 WL 1023887, at *6 (E.D. Cal. Mar. 4, 2019) (same).

31.     Likewise, the Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42–43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

32.     Here, even if the Complaint does not allege an amount in controversy, the removing defendant only needs to prove by a **preponderance of the evidence** that the amount in controversy exceeds that minimum. *See, e.g.,*, *Elizabeth Perez v. Rose Hills Company*, 131 F.4th 804, 807 (9th Cir. 2025) ("If the allegation is disputed, then the party seeking removal—and invoking the jurisdiction of the federal courts—bears the burden of demonstrating by a **preponderance of the evidence** that the amount in controversy exceeds $5 million.") (emphasis added); *Ramos v. MOOG Inc.*, 2020 WL 969023, at *3 (C.D. Cal. Feb. 27, 2020) (applying preponderance of evidence standard to deny motion to remand where plaintiff's class action complaint makes conclusory allegation that the "aggregate claim is under five million dollars"); *see also Dart*, 135 S. Ct. at 553–54 ("Removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the **preponderance of the evidence**, that the amount in controversy exceeds the jurisdictional threshold") (emphasis added, internal alterations omitted); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a **preponderance of evidence**, that the aggregate amount in controversy exceeds the jurisdictional minimum.") (emphasis added); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a **preponderance of the evidence** that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged. In light of *Standard Fire*, this rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed

$5 million.") (emphasis added; citations omitted); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that under the "**preponderance of the evidence**" standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount") (emphasis added); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

33. To satisfy this standard, "defendants' notice of removal need include **only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount'") (emphasis added).

34. To establish the jurisdiction threshold, "**a defendant is *not* 'required to comb through its records to identify and calculate the exact frequency of violations**.'" *Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d 968, 974–75 (E.D. Cal. 2023) (denying motion to remand under CAFA) (emphasis added) (quoting *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015)); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008) (internal quotations omitted) (concluding that the burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *4 (C.D. Cal. June 22, 2017) ("[A] defendant is 'not required to comb through the records to identify and calculate the exact frequency of violations.'") (quoting *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381, at *6 (C.D. Cal. Jan. 6, 2016)); *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) ("Gucci is not

317729058v.1

required to comb through its records to identify and calculate the exact frequency of violations. Rather, Gucci is only required to prove the amount in controversy by a preponderance. Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions."); *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1186 (E.D. Cal. 2020) (denying motion to remand and rejecting plaintiffs argument that "a declaration alone, . . . is *per se* insufficient to establish the amount in controversy because it lacks foundation and corroborating documents such as payroll records").

35.     As the Ninth Circuit recently explained, this is "[b]ecause '[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability,' a removing defendant need not present evidence of what its ultimate liability will be—in many cases, the defendant presumably expects that figure to be zero." *Perez*, 131 F.4th at 807 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

36.     Indeed, "[a]t this stage of the litigation, Defendant need not produce the actual business records upon which [the declarant] bases her declaration." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *4 (C.D. Cal. Apr. 28, 2015). "Instead, '[w]here, as here, a defendant must prove the amount in controversy es."  *Id.*; *see, e.g.*, *Johnson v. Parsec, Inc.,* 2022 WL 17407960, at * 1 (C.D. Cal. Dec. 2, 2022) (denyingby a preponderance of the evidence, a declaration or affidavit may satisfy the burden.'" *Id.* (quoting *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *6 (C.D. Cal. May 9, 2011)). For example, a declarant's "personal knowledge of [d]efendant's employment history, review of business records, and declaration under oath establish a proper foundation for the employment information she provides."  *Id.*; *see, e.g.*, *Johnson v. Parsec, Inc.,* 2022 WL 17407960, at * 1 (C.D. Cal. Dec. 2, 2022) (denying remand; "Plaintiffs first challenge the competence of the evidence presented by Defendant in support of removal, specifically two declarations by Defendant's Director of Human Resources, Jessica Fouse. Fouse relies on the various payroll records maintained in the normal course of business to provide data on the number of employees, days worked, pay periods worked, start and termination dates, and hourly rates, among other things. This is the type of information commonly relied on when ruling on a motion to remand."); *Soto v. Tech Packaging, Inc*., 2019 WL 6492245, at *3 (C.D.

Cal. Dec. 3, 2019) (denying remand; "[t]his type of declaratory evidence is regularly considered sufficient to satisfy a defendant's evidentiary burden"); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *1 (C.D. Cal. Apr. 22, 2014) (denying remand and finding that information provided by a "human resources" declarant regarding the number of proposed class members, their average hourly rate of pay, and the number of biweekly paychecks issued to them "is information that one would expect someone in [her] position … to have"); *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 WL 651923, at *8 (E.D. Cal. Feb. 19, 2014) (holding that a declarant's "personal knowledge of [d]efendant's employment history, review of business records, and declaration under oath establish a proper foundation for the employment information she provides").

37.    The Ninth Circuit recently explained that a removing defendant may rely on the allegations in the Complaint and "'a chain of reasoning that includes assumptions' to calculate the amount in controversy." *Perez*, 131 F.4th at 807 ("The approach employed by Rose Hills here tracks the approach we approved in *Arias*. Like Marriott, Rose Hills provided a declaration from a company representative showing the number of nonexempt employees it employed during the class period. *See* 936 F.3d at 923. Also like Marriott, Rose Hills then computed the amount in controversy by making an assumption about the rate at which it was alleged to have committed the various violations. *See id.* at 926. It tethered that assumption to the language in the complaint—namely, that it had committed the alleged violations 'at times' and 'throughout the statutory period.'").

38.    For purposes of ascertaining the amount in controversy, "the court must accept as true plaintiff's allegations as pled in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

39.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000. The Complaint seeks to certify a class of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of

Plaintiffs' complaint up until the time that notice of the class action is provided to the class …."
(Compl., ¶ 28.) Accordingly, for purposes of the calculations in this Notice of Removal, the relevant
time period starting "four (4) years preceding the filing of Plaintiffs' complaint" is from April 1, 2021 to
the present.

40.     During the relevant time period identified in the Complaint, PRP employed
approximately 420 putative class members, who worked approximately 35,067 workweeks.  (Ards
Decl., ¶ 3.) The average rate of pay for the putative class members was approximately $17.35 per hour.
(*Id*.)  Plaintiffs seek to recover, on behalf of themselves and the alleged class, meal and rest period
premiums for alleged failure to provide meal and rest breaks, unpaid wages for alleged failure to pay
minimum and overtime wages, unreimbursed business expenses, penalties for alleged failure to provide
accurate wage statements, and waiting time penalties for alleged failure to pay all wages due upon
resignation or termination of employment. (*See generally* Compl.) Plaintiffs also seek attorneys' fees
and costs. (*See* Compl., Prayer for Relief.)

41.     As set forth below, the alleged amount in controversy implicated by the class-wide
allegations exceeds $5,000,000. All calculations supporting the amount in controversy are based on the
Complaint's allegations, without any admission of the truth of the facts alleged.   Defendants deny
Plaintiffs' allegations and deny that they or the potential class are entitled to any relief.

### 1.    Unpaid Overtime Wages

42.     Plaintiffs' first claim alleges that, over a four-year period leading up to the filing of the
complaint, they and other class members were not properly compensated for overtime hours worked.
(Compl., ¶¶ 38-44.) Specifically, Plaintiffs claim that employees worked more than eight hours in a day,
more than forty hours in a week, and/or seven consecutive days without receiving legally required
overtime pay. (*Id.*) The alleged violations include requiring employees to work off-the-clock before and
after shifts, during meal and rest breaks, and while performing tasks such as donning safety gear or
attending meetings. (*Id.*) Defendants are also accused of failing to properly calculate overtime rates by
excluding certain forms of compensation and engaging in time entry manipulation. (*Id.*) Furthermore,
Plaintiffs contend that Defendants attempted but failed to lawfully implement an alternative workweek

schedule. (*Id.*)

43.    Here, PRP employed approximately 420 non-exempt employees in California during the relevant time period between April 1, 2021 and May 6, 2025. (Ards Decl., ¶ 3.) These employees worked approximately 35,067 workweeks between April 1, 2021 and May 6, 2025. (*Id.*) The average hourly wage for PRP's non-exempt employees in California between April 1, 2021 and May 6, 2025 during their employment is approximately $17.35. (*Id.*)

44.    Assuming that putative class members worked one hour of overtime per week at an overtime rate of $26.03 per hour (1.5 times the average hourly rate of $17.35), overtime damages would come to approximately **$912,794.01** [1 hour/week x $26.03/hour x 35,067 workweeks].

### 2.    Meal and Rest Period Claims

45.    Plaintiffs' third and fourth claims are for failure to provide meal and rest periods, respectively. With respect to their meal period claim, Plaintiffs allege that Defendants failed to provide timely, uninterrupted, 30-minute meal breaks every five hours of work. (Compl., ¶¶ 51-58.) They further claim that Defendants failed to compensate employees with an additional hour of pay on days when compliant meal periods were not provided. (*Id.*)

46.    With respect to their rest period claim, Plaintiffs allege that Defendants failed to authorize and permit duty-free, uninterrupted rest periods of ten minutes for every four hours worked or major fraction thereof. (Compl., ¶¶ 59-66.) Over the four years preceding the complaint, plaintiffs and putative class members were allegedly denied these rest periods and were not compensated with the additional hour of pay required by Labor Code section 226.7 when rest breaks were missed. (*Id.*)

47.    Here, the approximately 420 non-exempt California employees employed by PRP between April 1, 2021 and May 6, 2025 worked approximately 35,067 workweeks during that time period. (Ards Decl., ¶ 3.) Assuming that each putative class member missed two meal periods per week, the putative class meal period damages for this time period would be approximately $1,216,824.90 [$17.35/hour x 2 violations/week x 35,067 workweeks].

48.    Likewise, assuming that each putative class member missed two rest period per week, the putative class rest period damages for this time period would be approximately $1,216,824.90

317729058v.1

[$17.35/hour x 2 violations/week x 35,067 workweeks].  Thus, an estimate of the amount in controversy for Plaintiffs' meal and rest break claims is approximately **$2,433,649.80**.

### 3.    Waiting Time Penalties

49.    Plaintiffs' fifth cause of action alleges that Defendants willfully failed to pay all wages owed to employees at the time of termination or resignation. (Compl., ¶¶ 67-74.) Specifically, they claim that due to unpaid overtime and other compensation issues, former employees were not provided their full final pay either immediately upon discharge or within the required 72-hour period following resignation. (*Id.*) Plaintiffs assert that Defendants had the ability to comply with the law but chose to implement policies that led to delayed or incomplete final wage payments. (*Id.*) As a result, Plaintiffs seek on behalf of themselves and putative class members waiting time penalties of up to 30 days' wages, along with interest, attorneys' fees, and costs. (*Id.*)

50.    During the applicable three-year limitations period (April 1, 2022 and May 6, 2025), an approximate 200 non-exempt California employees of PRP separated from employment. (Ards Decl., ¶ 4).  The average rate of pay for these former employees is $17.48 per hour.  (*Id.*).

51.    Although Defendants deny any liability, a reasonable estimate of the amount in controversy for waiting time penalties is **$839,040** [$17.48/hour x 8 hours/day x 30 days x 200 former non-exempt employees].

### 4.    Wage Statement Penalties

52.    Plaintiffs' sixth cause of action alleges that Defendants failed to provide accurate, itemized wage statements that reflected essential information such as gross wages earned, total hours worked, net wages, and applicable hourly rates. (Compl., ¶¶ 75-82.) This alleged failure occurred during the one-year period prior to the filing of the complaint and continued thereafter. (*Id.*) Plaintiffs contend that these inaccuracies were knowing and intentional, resulting from deliberate policies and practices, and that employees consequently experienced harm, including difficulty in verifying wage accuracy, delays in challenging unlawful pay practices, and complications with reporting earnings to government agencies. (*Id.*) Plaintiffs seek on behalf of themselves and putative class members statutory penalties of up to $4,000 per employee, along with interest, attorneys' fees, and costs. (*Id.*)

53.     Labor Code section 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) …."

54.     During the one year period prior to the filing of Plaintiffs' Complaint, PRP employed approximately 224 non-exempt employees in California. (Ards Decl., ¶ 5.) PRP has, since at least April 1, 2024, paid its non-exempt employees in California on a biweekly basis.  (*Id*.). Therefore, the approximately 224 non-exempt California employees employed by PRP between April 1, 2024 and May 6, 2025 worked approximately 5,152 biweekly pay periods. (*Id*.)

55.     Accordingly, if each such employee is allotted a $50 penalty for the initial pay period between April 1, 2024 and May 6, 2025 in which a purportedly inaccurate wage statement was issued, and a $100 penalty for each subsequent pay period, the amount in controversy for Plaintiffs' claim for wage statement violations is **$504,000** [(224 pay periods x $50 penalty per period) + (4,928 pay periods x $100 penalty per period)].

### 5.     Unreimbursed Business Expenses

56.     Plaintiffs' seventh cause of action alleges that Defendants failed to reimburse employees for necessary business-related expenses incurred in the course of performing their job duties. (Compl., ¶¶ 83-89.) Specifically, Plaintiffs and putative class members were allegedly required to use personal cell phones for work-related tasks without being compensated for the associated costs. (*Id.*)

57.     During the relevant time period between April 1, 2021 and May 6, 2025, there were approximately 420 potential class members and they worked a total of approximately 35,067 workweeks. (Ards Decl., ¶3.) Although claims for unreimbursed expenses are highly individualized, PRP conservatively limits its calculation to an average of $12.50 per week for cell phone expenses per employee ($50 per month / 4 weeks per month). *See e.g.*, *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1138 (N.D. Cal. 2020) (denying motion to remand; "Plaintiffs do not meaningfully argue otherwise, and have not shown that a $50 device reimbursement figure is unreasonable").

58.     Although Defendants deny any liability, assuming that each putative class member during the limitations period may recover $12.50 per week for alleged unreimbursed cell phone expenses, the amount in controversy for Plaintiffs' reimbursement claim would equal no less than **$438,337.50** [$12.50 per workweek x 35,067 workweeks].

### 6.     Total Amount Of Alleged Damages and Penalties In Controversy

59.     On the basis of the allegations in Plaintiffs' Complaint, a reasonable estimate of the amount in controversy is approximately **$5,127,821.31**, exclusive of attorneys' fees.

### 7.     Attorneys' Fees

60.     Plaintiffs also seek to recover their attorneys' fees. (*See* Compl., Prayer for Relief.) A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 (E.D. Cal. May 1, 2007) (attorneys' fees appropriately included in determining amount in controversy).

61.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may award more than this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-1257 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *29 (N.D. Cal. Apr. 1, 2011) (finding support for adjusting the 25% presumptive benchmark upward and holding that plaintiff's request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable); *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the fund).

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC, PEAK RESTAURANT PARTNERS, LLC, AND ERICK BARRAGAN'S NOTICE OF REMOVAL OF PLAINTIFFS' CLASS ACTION COMPLAINT
317729058v.1

62.     Thus, even under the conservative benchmark of 25 percent of the total potential recovery, Plaintiffs' potential attorneys' fees based on the amount in controversy established above could be as high as approximately **$1,281,955.33** [$5,127,821.31 x 0.25]. Accordingly, accounting for Plaintiffs' potential attorneys' fees, the amount in controversy is **$6,409,776.64** [$5,127,821.31 in damages and penalties + $1,281,955.33 in attorneys' fees].

63.     Since at least one member of the putative class and Defendants are citizens of different states, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, removal based on CAFA jurisdiction is proper.

64.     To the extent that Plaintiffs have alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

**IV.    VENUE**

65.     Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of Contra Costa.

**V.    SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

66.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of Contra Costa as required under 28 U.S.C. section 1446(d).

**VI.    RESERVATION OF RIGHTS**

67.     By filing this Notice of Removal, Defendants do not concede nor waive any defense to this action, including, but not limited to, that Plaintiffs lack standing to bring this action or that the Court lacks jurisdiction over some members of the putative class. Defendants reserve all defenses.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of California, County of Contra Costa to the United States District Court for the Northern District of California.

317729058v.1

1  DATED: May 9, 2025                    Respectfully submitted,

2                                         SEYFARTH SHAW LLP

3

4                                         By: */s/ Elizabeth J. MacGregor*

5                                             Elizabeth J. MacGregor
                                              Steven Wong
6                                             Attorneys for Defendants
                                              PEAK CALIFORNIA RESTAURANT
                                              GROUP, LLC;
7                                             PEAK RESTAURANT PARTNERS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC, PEAK RESTAURANT PARTNERS, LLC, AND
ERICK BARRAGAN'S NOTICE OF REMOVAL OF PLAINTIFFS' CLASS ACTION COMPLAINT

317729058v.1

# Exhibit A

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PEAK CALIFORNIA RESTAURANT GROUP, LLC, a Georgia limited liability company; PEAK RESTAURANT PARTERS LLC, a limited liability company doing business as iHop; ERICK BARRAGAN, an individual and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN, individuals and on behalf of all others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| Electronically Filed by<br>Superior Court of<br>County of Contra Costa<br>4/1/2025 4:18 PM<br>By: C.Patel Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of the State of California County of Contra Costa -- Wakefield Taylor Courthouse 725 Court Street, Martinez, California 94553 | C25-00935 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., Robert D. Wilson III, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| DATE:<br>*(Fecha)* | 4/1/2025 4:18 PM | Clerk, by<br>*(Secretario)* | /s/ C.Patel | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PEAK RESTAURANT PARTERS LLC, a limited liability company doing business as iHop

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

                                                        Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

## NOTICE TO DEFENDANT:
## *(AVISO AL DEMANDADO):*
PEAK CALIFORNIA RESTAURANT GROUP, LLC, a Georgia limited liability company; PEAK RESTAURANT PARTERS LLC, a limited liability company doing business as iHop; ERICK BARRAGAN, an individual and DOES 1 through 100, inclusive,

## YOU ARE BEING SUED BY PLAINTIFF:
## *(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN, individuals and on behalf of all others similarly situated,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> Electronically Filed by
> Superior Court of
> County of Contra Costa
> 4/1/2025 4:18 PM
> By: C Paul, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of the State of California County of Contra Costa -- Wakefield Taylor Courthouse<br>725 Court Street, Martinez, California 94553 | CASE NUMBER: *(Número del Caso):*<br>C25-00935 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bibiyan Law Group, P.C., Robert D. Wilson III, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| DATE: | 4/1/2025 4:18 PM | Clerk, by | /s/ C Paul | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PEAK CALIFORNIA RESTAURANT GROUP, LLC, a Georgia limited liability company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEAK CALIFORNIA RESTAURANT GROUP, LLC, a Georgia limited liability
company; PEAK RESTAURANT PARTERS LLC, a limited liability company doing
business as IHop; ERICK BARRAGAN, an individual and DOES 1 through 100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and
JORGE BERROTERAN, individuals and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed by
Superior Court of
County of Contra Costa
4/1/2025 4:18 PM
By: C Patel Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo ca gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia org*), the California Courts Online Self-Help Center (*www.courtinfo ca gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of
California County of Contra Costa -- Wakefield Taylor Courthouse
725 Court Street, Martinez, California 94553

**CASE NUMBER:** *(Número del Caso):*
**C25-00935**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., Robert D. Wilson III, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| DATE: *(Fecha)* | 4/1/2025 4:18 PM | Clerk, by *(Secretario)* | /s/ C Patel | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed Superior Court of CA County of Contra Costa 4/02/25 4:18 PM By C. Padilla, Deputy

**BIBIYAN LAW GROUP, P.C.**
Robert David Wilson III (Cal. Bar No. 226309)
*robert@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705
Attorneys for Plaintiffs, YVETTE GONZALEZ,
ROSA GUZMAN, MARGARITA GONZALEZ,
JORGE BERROTERAN, and on behalf of all others similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN, individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>PEAK CALIFORNIA RESTAURANT GROUP, LLC, a Georgia limited liability company; PEAK RESTAURANT PARTERS LLC, a limited liability company doing business as iHop; ERICK BARRAGAN, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:        C25-00935<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO INDEMNIFY;<br><br>8. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $35,000.00] |

SUMMONS ISSUED

Per local Rule, This case is assigned to
Judge Weil, Edward G, for all purposes.

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

Plaintiffs YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN, on behalf of Plaintiffs and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, against PEAK CALIFORNIA RESTAURANT GROUP, LLC and any of its respective subsidiaries or affiliated companies within the State of California ("PEAK"); PEAK RESTAURANT PARTERS LLC, doing business as iHop, and any of its respective subsidiaries or affiliated companies within the State of California ("PRP"); and ERICK BARRAGAN ("BARRAGAN" and collectively, with PEAK, PRP and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiffs and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A.     Plaintiffs

2.     Plaintiff YVETTE GONZALEZ is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, taking to-go orders and serving customers. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff YVETTE GONZALEZ worked for Defendants from approximately from approximately April of 2021 through the present

3.     Plaintiff ROSA GUZMAN is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, serving customers. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff ROSA GUZMAN worked for Defendants from approximately October of 2017 through the present.

4.     Plaintiff MARGARITA GONZALEZ is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

1    employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

2    serving customers. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff

3    MARGARITA GONZALEZ worked for Defendants from approximately October of 2016 through

4    the present.

5      5.     Plaintiff JORGE BERROTERAN is a resident of the State of California.    At all

6    relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

7    employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

8    cooking food orders. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff

9    JORGE BERROTERAN worked for Defendants from approximately December of 2010 through the

10    present.

11      **B.**     **Defendants**

12      6.     Plaintiffs are informed and believe and based thereon allege that defendant PEAK is,

13    and at all times relevant hereto was, a limited liability company organized and existing under and by

14    virtue of the laws of the State of Georgia and doing business in the County of Contra Costa, State of

15    California. At all relevant times herein, PEAK employed Plaintiffs and similarly situated employees

16    within the State of California.

17      7.     Plaintiffs are informed and believe and based thereon allege that defendant PRP is, and

18    at all times relevant hereto was, an unknown limited liability company doing business in the County

19    of Contra Costa, State of California. At all relevant times herein, PRP employed Plaintiffs and

20    similarly situated employees within the State of California.

21      8.     Plaintiffs are informed and believe and based thereon allege that defendant

22    BARRAGAN is, and at all times relevant hereto was, an individual residing in California, as well as

23    manager of plaintiff YVETTE GONZALEZ at defendants, and DOES 1 through 100, as further

24    defined below. Plaintiffs are further informed and believe and based thereon allege that BARRAGAN

25    violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions

26    in violation of Labor Code section 558.1.

27      9.     The true names and capacities, whether individual, corporate, associate, or otherwise,

28

1 | of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who
2 | therefore sue defendants by such fictitious names under Code of Civil Procedure section 474.
3 | Plaintiffs are informed and believes and based thereon allege that each of the defendants designated
4 | herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs
5 | will seek leave of court to amend this Complaint to reflect the true names and capacities of the
6 | defendants designated hereinafter as DOES when such identities become known. Plaintiffs are
7 | informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to
8 | this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy
9 | in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other
10 | defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include
11 | PEAK, PRP and any of their parent, subsidiary, or affiliated companies within the State of California,
12 | as well as Individual BARRAGAN and DOES 1 through 100 identified herein.

13 | **JOINT LIABILITY ALLEGATIONS**

14 | 10.    Plaintiffs are informed and believes and based thereon alleges that all the times
15 | mentioned herein, each of the Defendants was the agent, principal, employee, employer,
16 | representative, joint venture or co-conspirator of each of the other defendants, either actually or
17 | ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
18 | employment, joint venture, and conspiracy.

19 | 11.    All of the acts and conduct described herein of each and every corporate defendant was
20 | duly authorized, ordered, and directed by the respective and collective defendant corporate employers,
21 | and the officers and management-level employees of said corporate employers. In addition thereto,
22 | said corporate employers participated in the aforementioned acts and conduct of their said employees,
23 | agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct
24 | of said corporate employees, agents, and representatives, the defendant corporation respectively and
25 | collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise
26 | approved of each and all of the said acts and conduct of the aforementioned corporate employees,
27 | agents and representatives.

28 |

12.     Plaintiffs are further informed and believes and based thereon allege that Individual BARRAGAN and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

13.     Plaintiffs are informed and believe, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

14.     Plaintiffs are informed and believe, and based thereon allege that despite the formation of the purported corporate existence of PEAK, PRP and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with individual BARRAGAN and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A.     The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.     The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.     Plaintiffs are informed and believe and thereon allege that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.     Plaintiffs are informed and believe and thereon allege that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be

segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.  The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.  Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

15.  As a result of the aforementioned facts, Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, are joint employers.

## JURISDICTION

16.  Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

17.  Venue is proper in Contra Costa County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Contra Costa County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiffs and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiffs and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Class Members in Contra Costa County, and because Defendants employ numerous Class

1 | Members in Contra Costa County.

2 | **FACTUAL BACKGROUND**

3 | 18.    For at least four (4) years prior to the filing of this action and continuing to the present,

4 | Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of

5 | them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs

6 | and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

7 | consecutive work days in a work week without being properly compensated for hours worked in

8 | excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

9 | worked on the seventh consecutive work day in a work week by, among other things, failing to

10 | accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;

11 | engaging, suffering, or permitting employees to work off the clock, including, without limitation, by

12 | requiring Plaintiff and Class Members: to come early to work and leave late work without being able

13 | to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to

14 | complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for

15 | meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or

16 | safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the

17 | clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive

18 | pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular

19 | rate of pay for the pay periods where overtime was worked and the additional compensation was

20 | earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time

21 | entries, editing and/or manipulation of time entries; and by attempting but failing to properly

22 | implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to

23 | implement a written agreement designating the regularly scheduled alternative workweek in which

24 | the specified number of work days and work hours are regularly recurring; failing to adopt the AWS

25 | in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the

26 | affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any

27 | AWS election; and/or failing to register an AWS election with the State of California, as required by

28 |

1 | Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

2 |      19.       For at least four (4) years prior to the filing of this Action and continuing to the present,

3 | Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of

4 | them, in violation of California state wage and hour laws as a result of, among other things, at times,

5 | failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

6 | above the minimum wage; engaging, suffering, or permitting employees to work off the clock,

7 | including, without limitation, by requiring Plaintiff and Class Members: to come early to work and

8 | leave late work without being able to clock in for all that time, to suffer under Defendants' control

9 | due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks

10 | after clocking out, to clock out for meal periods and continue working, to clock out for rest periods,

11 | to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the

12 | clock, to make phone calls off the clock; detrimental rounding of employee time entries; editing and/or

13 | manipulation of time entries to show less hours than actually worked; failing to pay split shift

14 | premiums; and failing to pay reporting time pay.

15 |      20.       For at least four (4) years prior to the filing of this Action and continuing to the present,

16 | Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full,

17 | timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5)

18 | hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

19 | worked in excess of ten (10) hours in a work day, and failing to provide compensation for such

20 | unprovided meal periods as required by California wage and hour laws.

21 |      21.       For at least four (4) years prior to the filing of this action and continuing to the present,

22 | Defendants have, at times, failed to authorize and permit Plaintiffs and Class Members, or some of

23 | them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction

24 | thereof and failed to provide compensation for such unprovided rest periods as required by California

25 | wage and hour laws.

26 |      22.       For at least three (3) years prior to the filing of this action and continuing to the present,

27 | Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full

28 |

1  amount of their wages owed to them upon termination and/or resignation as required by Labor Code

2  sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum

3  wages, and premium wages.

4      23.      For at least one (1) year prior to the filing of this Action and continuing to the present,

5  Defendants have, at times, failed to furnish Plaintiffs and Class Members, or some of them, with

6  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

7  earned; all applicable hourly rates in effect during the pay period and the corresponding number of

8  hours worked at each hourly rate; and other such information as required by Labor Code section 226,

9  subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an

10  accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

11      24.      For at least three (3) years prior to the filing of this action and continuing to the present,

12  Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred

13  in using personal cellular phones for work-related purposes.

14      25.      For at least four (4) years prior to the filing of this action and continuing to the present,

15  Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

16  employees or former employees within the State of California with the rights provided to them under

17  the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

18      26.      Plaintiffs, on their own behalf and on behalf of Class Members, brings this action

19  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 245, *et*

20  *seq.*, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section

21  11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and

22  rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to

23  indemnify work-related expenses, other such provisions of California law, and reasonable attorneys'

24  fees and costs.

25      27.      Plaintiffs, on their own behalf and on behalf of Class Members, pursuant to Business

26  and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting

27  Defendants from further violating the Labor Code and requiring the establishment of appropriate and

28

1    effective means to prevent further violations, as well as all monies owed but withheld and retained by
2    Defendants to which Plaintiffs and Class Members are entitled, as well as restitution of amounts owed.

3                              **CLASS ACTION ALLEGATIONS**

4        28.        Plaintiffs bring this action on behalf of Plaintiffs and Class Members as a class action
5    pursuant to Code of Civil Procedure section 382. Plaintiffs seek to represent a class of all current and
6    former non-exempt employees of Defendants within the State of California at any time commencing
7    four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class
8    action is provided to the class (collectively referred to as "Class Members").

9        29.        Plaintiffs reserve the right under California Rule of Court rule 3.765, subdivision (b)
10   to amend or modify the class description with greater specificity, further divide the defined class into
11   subclasses, and to further specify or limit the issues for which certification is sought.

12       30.        This action has been brought and may properly be maintained as a class action under
13   the provisions of Code of Civil Procedure section 382 because there is a well-defined community of
14   interest in the litigation and the proposed Class is easily ascertainable.

15       **A.    Numerosity**

16       31.        The potential Class Members as defined are so numerous that joinder of all the
17   members of the Class is impracticable. While the precise number of Class Members has not been
18   determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members
19   employed by Defendants within the State of California.

20       32.        Accounting for employee turnover during the relevant periods necessarily increases
21   this number. Plaintiffs allege Defendants' employment records would provide information as to the
22   number and location of all Class Members. Joinder of all members of the proposed Class is not
23   practicable.

24       **B.    Commonality**

25       33.        There are questions of law and fact common to Class Members. These common
26   questions include, but are not limited to:

27       A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours

28

worked at a proper overtime rate of pay?

B.  Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.  Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.  Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.  Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.  Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.  Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.  Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.  Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.  Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K.  Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

L.  Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

M.  Are Class Members entitled to costs and attorneys' fees?

N.  Are Class Members entitled to interest?

**C.    Typicality**

34.        The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiffs and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

35.        Plaintiffs will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiffs are competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

36.        A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

37.        Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

38.        Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.        At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

1  Wage Orders.

2  40.      At all times relevant to this Complaint, Labor Code section 510 was in effect and
3  provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
4  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at
5  the rate of no less than one and one-half times the regular rate of pay for an employee."

6  41.      At all times relevant to this Complaint, Labor Code section 510 further provided that
7  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice
8  the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh
9  day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

10  42.      Four (4) years prior to the filing of the Complaint in this Action through the present,
11  Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more
12  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)
13  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a
14  result of, including but not limited to, Defendants engaging, suffering, or permitting employees to
15  work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come
16  early to work and leave late work without being able to clock in for all that time, to suffer under
17  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in
18  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock
19  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company
20  meetings off the clock, to make phone calls off the clock, failing to include all forms of remuneration,
21  including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and
22  other forms of remuneration into the regular rate of pay for the pay periods where overtime was
23  worked and the additional compensation was earned for the purpose of calculating the overtime rate
24  of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries;
25  and by attempting but failing to properly implement an alternative workweek schedule ("AWS")
26  (including, without limitation, by failing to implement a written agreement designating the regularly
27  scheduled alternative workweek in which the specified number of work days and work hours are

28

1  regularly recurring; failing to adopt the AWS in a secret ballot election, before the performance of
2  work, by at least a two-thirds (2/3) vote of the affected employees in the work unit; failing to follow
3  the notice/disclosures procedures prior to any AWS election; and/or failing to register an AWS
4  election with the State of California, as required by Labor Code section 511 and applicable Wage
5  Orders) to the detriment of Plaintiff and Class Members.

6     43.      Accordingly, by requiring Plaintiffs and Class Members to, at times, worked greater
7  than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays
8  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on
9  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and
10 applicable IWC Wage Orders, and California law.

11    44.      As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been
12 deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus
13 interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and
14 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

15                         **SECOND CAUSE OF ACTION**

16              **(Failure to Pay Minimum Wages – Against All Defendants)**

17    45.      Plaintiffs reallege and incorporate by reference all of the allegations contained in the
18 preceding paragraphs as though fully set forth hereat.

19    46.      At all relevant times, Plaintiffs and Class Members were employees or former
20 employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

21    47.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class
22 Members were entitled to receive minimum wages for all hours worked or otherwise under
23 Defendants' control.

24    48.      For four (4) years prior to the filing of the Complaint in this Action through the present,
25 Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular
26 rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off
27 the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to
28

work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and Class Members.

49.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

50.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

51.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

52.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

53.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

54.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

1  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,
2  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of
3  compensation for each workday that the meal period is not provided.

4      55.      For four (4) years prior to the filing of the Complaint in this Action through the present,
5  Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free
6  uninterrupted meal periods every five hours of work without waiving the right to take them, as
7  permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class
8  Member's regular rate of compensation on the occasions that Class Members were not provided
9  compliant meal periods.

10      56.      By their failure to provide Plaintiffs and Class Members compliant meal periods as
11  contemplated by Labor Code section 512, among other California authorities, and failing, at times, to
12  provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
13  violated the provisions of Labor Code section 512 and applicable Wage Orders.

14      57.      As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have
15  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed
16  for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

17      58.      Plaintiffs and Class Members are entitled to recover the full amount of their unpaid
18  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
19  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
20  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

21                      **FOURTH CAUSE OF ACTION**
22               **(Failure to Provide Rest Periods – Against All Defendants)**

23      59.      Plaintiffs reallege and incorporate by reference all of the allegations contained in the
24  preceding paragraphs as though fully set forth hereat.

25      60.      At all relevant times, Plaintiffs and Class Members were employees or former
26  employees of Defendants covered by applicable Wage Orders.

27      61.      California law and applicable Wage Orders require that employers "authorize and
28

1   permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

2   period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3

3   ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts

4   of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest

5   period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)

6   minutes of paid rest period.

7       62.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

8   with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

9   Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

10  regular rate of compensation for each work day that the rest period is not provided.

11      63.     For four (4) years prior to the filing of the Complaint in this Action through the present,

12  Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-

13  minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.

14  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's

15  regular rate of compensation on the occasions that Class Members were not authorized or permitted

16  to take compliant rest periods.

17      64.     By their failure, at times, to authorize and permit Plaintiffs and Class Members to take

18  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

19  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully

20  violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

21      65.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

22  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

23  for rest periods that they were not authorized or permitted to take.

24      66.     Plaintiffs and Class Members are entitled to recover the full amount of their unpaid

25  additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest

26  and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of

27  Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

28

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

67.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

68.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

69.     Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

70.     Plaintiffs are informed and believe, and based thereon allege, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

71.     Plaintiffs are informed and believes Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

72.     Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or

1 | resignation, until paid, up to a maximum of thirty (30) days.

2 | 73.      As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have
3 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
4 | prior to termination or resignation.

5 | 74.      Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
6 | 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover
7 | waiting time penalties, interest, and their costs of suit, as well.

8 | **SIXTH CAUSE OF ACTION**

9 | **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

10 | 75.      Plaintiffs reallege and incorporate by reference all of the allegations contained in the
11 | preceding paragraphs as though fully set forth hereat.

12 | 76.      At all relevant times, Plaintiffs and Class Members were employees or former
13 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14 | 77.      Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members
15 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
16 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net
17 | wages earned; all applicable hourly rates in effect during the pay period and the corresponding number
18 | of hours worked at each hourly rate; among other things.

19 | 78.      Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year
20 | before the filing of the Complaint in this Action through the present, Defendants failed to comply with
21 | Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their
22 | failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that
23 | accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all
24 | applicable hourly rates in effect during the pay period and the corresponding number of hours worked
25 | at each hourly rate; among other things.

26 | 79.      Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate
27 | wage statements was knowing, intentional, and willful. Defendants had the ability to provide

28 |

1  Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided

2  wage statements that Defendants knew were not accurate.

3      80.       As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

4  suffered injury. The absence of accurate information on Class Members' wage statements at times

5  has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

6  mathematical computations to determine the amount of wages owed; causes difficulty and expense in

7  attempting to reconstruct time and pay records; and led to submission of inaccurate information about

8  wages and amounts deducted from wages to state and federal governmental agencies, among other

9  things.

10      81.       Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are

11  entitled to recover $50 for the initial pay period during the period in which violation of Labor Code

12  section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay

13  period, not to exceed an aggregate $4,000.00 per employee.

14      82.       Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure

15  section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full

16  amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,

17  and costs of suit.

18                                **SEVENTH CAUSE OF ACTION**

19               **(Violation of Labor Code § 2802 – Against All Defendants)**

20      83.       Plaintiffs reallege and incorporates by reference all of the allegations contained in the

21  preceding paragraphs as though fully set forth hereat.

22      84.       At all relevant times, Plaintiffs and Class Members were employees or former

23  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

24      85.       Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

25  his or her employee for all necessary expenditures or losses incurred by the employee in direct

26  consequence of the discharge of his or her duties . . ."

27      86.       For three (3) years prior to the filing of the Complaint in this Action through the

28

1    present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times,

2    necessary expenditures or losses in direct consequence of the discharge of their duties or at the

3    obedience to the directions of Defendants that included, without limitation: using personal cellular

4    phones for work-related purposes.

5        87.        During that time period, Plaintiffs are informed and believe, and based thereon allege

6    that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class

7    Members for those losses and/or expenditures.

8        88.        As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

9    suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

10   described losses and/or expenditures.

11       89.        Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

12   1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover

13   reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

14   costs of suit.

15                        **EIGHTH CAUSE OF ACTION**

16                    **(Unfair Competition – Against All Defendants)**

17       90.        Plaintiffs reallege and incorporate by reference all of the allegations contained in the

18   preceding paragraphs as though fully set forth hereat.

19       91.        Plaintiffs are informed and believe and based thereon allege that the unlawful conduct

20   of Defendants alleged herein constitutes unfair competition within the meaning of Business and

21   Professions Code section 17200. Plaintiffs are further informed and believe and based thereon allege

22   that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least

23   four (4) years prior to the filing of this action and continuing to the present, Defendants have had a

24   consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees

25   within the State of California with the rights provided to them under the Healthy Workplace Heathy

26   Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their unlawful business

27   practices in violation of the Labor Code, Defendants have gained a competitive advantage over other

28

1 comparable companies doing business in the State of California that comply with their obligations to
2 compensate employees in accordance with the Labor Code.

3     92.      As a result of Defendants' unfair competition as alleged herein, Plaintiffs and Class
4 Members have suffered injury in fact and lost money or property.

5     93.      Pursuant to Business and Professions Code section 17203, Plaintiffs and Class
6 Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor
7 Code and requiring the establishment of appropriate and effective means to prevent further violations,
8 as well as restitution of all wages and other monies owed to them under the Labor Code, including
9 interest thereon, in which they had a property interest and which Defendants nevertheless failed to
10 pay them and instead withheld and retained for themselves. Restitution of the money owed to
11 Plaintiffs and Class Members is necessary to prevent Defendants from becoming unjustly enriched by
12 their failure to comply with the Labor Code.

13     94.      Plaintiffs and Class Members are entitled to costs of suit under Code of Civil Procedure
14 section 1032 and interest under Civil Code section 3287.

15 **DEMAND FOR JURY TRIAL**

16     95.      Plaintiffs demand a trial by jury on all causes of action contained herein.

17 **PRAYER**

18     WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiff prays for judgment
19 against Defendants as follows:

20     A.      An order certifying this case as a Class Action;

21     B.      An Order appointing Plaintiff as Class representative and appointing Plaintiffs'
22           counsel as class counsel;

23     C.      Damages for all wages earned and owed, including minimum and overtime wages
24           under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

25     D.      Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

26     E.      Damages for unpaid premium wages from missed meal and rest periods under,
27           among other Labor Code sections, 512, 558.1 and 226.7;

28

1    F.    Penalties for inaccurate wage statements under Labor Code sections 226, subdivision

2        (e) and 558.1;

3    G.    Waiting time penalties under Labor Code sections 203 and 558.1;

4    H.    Penalties to timely pay wages under Labor Code section 210;

5    I.    Damages under Labor Code sections 2802 and 558.1;

6    J.    Preliminary and permanent injunctions prohibiting Defendants from further violating

7        the California Labor Code and requiring the establishment of appropriate and

8        effective means to prevent future violations;

9    K.    Restitution of wages and benefits due which were acquired by means of any unfair

10       business practice, according to proof;

11    L.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

12    M.    For attorneys' fees in prosecuting this action;

*/s/ Robert David Wilson &amp;#13;III*

13    N.    For costs of suit incurred herein; and

14    O.    For such other and further relief as the Court deems just and proper.

16   Dated:  April 1, 2025                BIBIYAN LAW GROUP, P.C.

18                      BY: */s/ Robert David Wilson III*

19                       Robert David Wilson III

20                       Attorneys for Plaintiffs YVETTE GONZALEZ,

21                       ROSA GUZMAN, MARGARITA GONZALEZ, JORGE BERROTERAN, and on behalf of all

22                       others similarly situated

Electronically Filed by Superior Court of California, County of Contra Costa, 4/2/2025 1:13 PM By: CRivera, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BIBIYAN LAW GROUP, P.C. Robert David Wilson III (Cal. Bar No. 226309)<br>1460 Westwood Boulevard, Los Angeles, California 90024<br>TELEPHONE NO.: 310-438-5555    FAX NO.: 310-300-1705<br>EMAIL ADDRESS: robert@tomorrowlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
YVETTE GONZALEZ et al V. PEAK CALIFORNIA RESTAURANT GROUP, LLC et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>C25-00935 |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses /s/ Robert David Wilson &#13;III
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eight (08)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 04/01/2025
Robert David Wilson III                    ▶    /s/ Robert David Wilson III
_____(TYPE OR PRINT NAME)_____            _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**
Processed by Cain 4/2/2025 10:13 AM

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                           Time:                    Dept.:                 Div.:                    Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for  *(date):*

b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☐ days *(specify number):*

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                    f.  Fax number:

e.  E-mail address:                      g.  Party represented:

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for  *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for  *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for  *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on  *(date)*: |

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

     <u>Party</u>                     <u>Description</u>                     <u>Date</u>

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. LI
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**
I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE
BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED
ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE:     4/3/2025

BY:     C. PADILLA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR
CASE NUMBER: C25-00935 ON 4/3/2025:

ROBERT DAVID WILSON III
1460 WESTWOOD BOULEVARD
LOS ANGELES CA  90024

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

| CASE NAME: YVETTE GONZALEZ VS. ERICK BARRAGAN, AN INDIVIDUAL | CASE NUMBER: C25-00935 |
|---|---|

**NOTICE OF ASSIGNMENT TO DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION**

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.
2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 07/29/2025 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.
3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.
4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.
5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT



**SUPERIOR COURT OF CALIFORNIA**
COUNTY OF CONTRA COSTA
Alternative Dispute Resolution Programs Office • P.O. Box 911 • Martinez, CA 94553
(Email) adrweb@contracosta.courts.ca.gov • (Voice) 925-608-2075 • (Fax) 925-608-2109

## Information for Mediators

Court-connected, civil (non-family) mediation services in Contra Costa County Superior court are governed by Local Court Rules (available online at: www.cc-courts.org/rules), and Evidence Code Sections 1119-1128.

1. <u>**Parties must prepare mediation statements**</u>   **Local Rule 3.201 (g)**
   Mediation statements should not be more than five pages long, and must be exchanged among all parties and the mediator at least 5 court days before mediation.

2. <u>**Attendance at mediation is mandatory**</u>   **Local Rule 3.201 (e)**
   *"Unless excused before mediation starts by the assigned judge, all trial lawyers, principals, clients, claims representatives, or other appropriate decision–makers must attend mediation.* ***Telephone standby is not allowed unless approved by the assigned judge before mediation starts."***

3. <u>**Mediation is confidential**</u>   **Local Rule 3.201 (f)**
   *Court–connected mediations are confidential (private) per California Evidence Code Sections 1115–1128. The only exceptions to confidentiality in mediation are:*

   (a) *The law or any other mandate requires the information to be reported;*

   (b) *The ADR panel member thinks there might be a danger of serious physical harm either to a party or to another person*

4. <u>**Attendance sheets**</u>   California Rules of Court, Rule 1621 requires mediators to keep attendance sheets for at least two years, and submit them to the court upon request. We have enclosed form ADR107 an attendance sheet for your use.

5. <u>**Discovery is NOT suspended during any part of the mediation process.**</u>
   However, mediators may help parties identify options for: streamlining discovery; filing motions (e.g., summary judgment); or handling other pretrial proceedings.

## <u>When Mediation Ends:</u>

1. Inform the parties that **they must notify the Court** of the mediation outcome.  If the case settles, **they** must cancel unnecessary proceedings.
2. Complete and email or fax the Mediators Report to the ADR office at adrweb@contracosta.courts.ca.gov or (925) 608-2109.

**Please note:** The Contra Costa Court ADR Program must report ADR related case activity and outcomes to the court and to the Judicial Council.  Please help us in this effort by returning your completed mediation report on time.

Exhibit B

1   SEYFARTH SHAW LLP
    Elizabeth J. MacGregor (SBN 267326)
2   emacgregor@seyfarth.com
    Steven Wong (SBN 293343)
3   stewong@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California 94105
    Telephone:  (415) 397-2823
5   Facsimile:   (415) 397-8549

6   Attorneys for Defendants
    PEAK CALIFORNIA RESTAURANT GROUP, LLC;
7   PEAK RESTAURANT PARTNERS, LLC; ERICK
    BARRAGAN

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF CONTRA COSTA

12

13   YVETTE GONZALEZ, ROSA GUZMAN,        Case No. C25-00935
     MARGARITA GONZALEZ, and JORGE
14   BERROTERAN, individuals and on behalf of all        HONORABLE EDWARD G. WEIL
     others similarly situated,,
15
                 Plaintiffs,
16
           v.                                DEFENDANTS PEAK CALIFORNIA
17                                           RESTAURANT GROUP, LLC AND PEAK
     PEAK CALIFORNIA RESTAURANT GROUP,       RESTAURANT PARTNERS, LLC'S
18   LLC, a Georgia limited liability company; PEAK    ANSWER TO CLASS ACTION
     RESTAURANT PARTERS [sic] LLC, a limited  COMPLAINT
19   liability company doing business as iHop; ERICK
     BARRAGAN, an individual and DOES 1 through
20   100, inclusive,,

21               Defendants.

22

23

24

25

26

27

28

---

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC AND PEAK RESTAURANT PARTNERS, LLC'S
ANSWER TO CLASS ACTION COMPLAINT / CASE NO. C25-00935

Defendants PEAK CALIFORNIA RESTAURANT GROUP, LLC and PEAK RESTAURANT PARTNERS, LLC ("Defendants"), by and through their attorneys Seyfarth Shaw LLP, hereby submit their Answer to the unverified Complaint ("Complaint") filed on behalf of Plaintiffs YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN ("Plaintiffs") in the above-captioned matter, as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation, statement, and matter and each purported cause of action contained in Plaintiffs' unverified Complaint, and without limiting the generality of the foregoing, deny generally and specifically that Plaintiffs or any individual that they seek to represent have been damaged in any way by reason of any act or omission of Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiffs. Defendants reserve the right to amend this Answer and to assert any additional defenses and affirmative defenses as may become available and apparent during the course of this litigation.

## FIRST SEPARATE DEFENSE

### (Arbitration—All Causes of Action)

1.      This Court lacks jurisdiction over the Complaint to the extent the claims are found to be subject to the binding Arbitration Agreement executed by Plaintiff(s).  Defendants therefore reserve the right to file a motion to compel arbitration and a motion to dismiss and/or stay proceedings.

## SECOND SEPARATE DEFENSE

### (Failure to State a Cause of Action—All Causes of Action)

2.      Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action or claim for relief.

///

///

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD SEPARATE DEFENSE

**(Statute of Limitations—All Causes of Action)**

3.    Plaintiffs' purported causes of action are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338 and 340 and California Business & Professions Code § 17208.

### FOURTH SEPARATE DEFENSE

**(Estoppel—All Causes of Action)**

4.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH SEPARATE DEFENSE

**(Laches—All Causes of Action)**

5.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of laches.

### SIXTH SEPARATE DEFENSE

**(Unclean Hands—All Causes of Action)**

6.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH SEPARATE DEFENSE

**(Waiver—All Causes of Action)**

7.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH SEPARATE DEFENSE

**(Release—All Causes of Action)**

8.    Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part, to the extent that Plaintiffs or any individual they seek to represent entered into a valid release in relation to the subject claims.

///

3

## NINTH SEPARATE DEFENSE

### (Labor Code § 2856—All Causes of Action)

9.      Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part, by Labor Code section 2856 to the extent that Plaintiffs or any individual they seek to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiffs or that individual seeks relief.

## TENTH SEPARATE DEFENSE

### (Good Faith—All Causes of Action)

10.      Plaintiffs and those individuals they seek to represent are not entitled to any penalty because, at all times relevant and material herein, Defendants did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage order.

## ELEVENTH SEPARATE DEFENSE

### (Excessive Penalties Unconstitutional—All Causes of Action)

11.      Plaintiffs' claims for penalties pursuant to the California Labor Code are barred because Plaintiffs seeks penalties which are excessive, unjust, arbitrary, oppressive, confiscatory, duplicative, and/or capricious and/or bear no rational relationship to any actual harm allegedly suffered by Plaintiffs or those they seek to represent. *See* U.S. Const. amends. V and XIV; *see also* Cal. Const. art. I, § 7.

## TWELFTH SEPARATE DEFENSE

### (*De Minimis* Doctrine—First, Second, Fifth, Sixth, and Eighth Causes of Action)

12.      Plaintiffs' Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiffs and/or those individuals they seek to represent were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. *See, e.g., Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018), as modified on denial of reh'g (Aug. 29, 2018) (observing that employers may not be reasonably required to compensate employees for time spent on activities that are minute or irregular).

4

**THIRTEENTH SEPARATE DEFENSE**

**(Neutral, Lawful Rounding—First, Second, Fifth, Sixth, and Eighth Causes of Action)**

13.    Plaintiff's claims fail to the extent that it alleges unlawful rounding of employees' time punches, as the timekeeping practices are fair and neutral on their face, and the timekeeping practices do not undercompensate employees because any alleged rounding is neutral or favorable to employees in practice.

**FOURTEENTH SEPARATE DEFENSE**

**(Lack of Knowledge—All Causes of Action)**

14.    Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by, timely meal and rest breaks allegedly denied to, or unreimbursed expenses owed to Plaintiffs or those individuals they seek to represent. *See, e.g., Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation").

**FIFTEENTH SEPARATE DEFENSE**

**(Not Compensable Time—First, Second, Fifth, Sixth, and Eighth Causes of Action)**

15.    Plaintiffs' claims, and those of the individuals they seek to represent, are precluded to the extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

**SIXTEENTH DEFENSE**

**(Good Faith Dispute (Labor Code § 1194.2)— Second Cause of Action)**

16.    Plaintiffs, and those persons they seek to represent, are not entitled to Labor Code section 1194.2 penalties because a good faith dispute exists as to Plaintiffs' claims, such that Defendants cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC AND PEAK RESTAURANT PARTNERS, LLC'S
ANSWER TO CLASS ACTION COMPLAINT / CASE NO. C25-00935

317355223v.3

**SEVENTEENTH SEPARATE DEFENSE**

**(Failure to Take Provided Meal Periods or Rest Breaks—Third Through Sixth, and Eighth Causes of Action)**

17.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent Plaintiffs and/or those individuals they seek to represent were provided with all required meal periods and authorized and permitted to take all required rest breaks, and chose not to take the meal and rest breaks provided or authorized and permitted.

**EIGHTEENTH SEPARATE DEFENSE**

**(Waiver of Meal Periods—Third, Fifth, Sixth, and Eighth Causes of Action)**

18.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent that Plaintiffs and/or those individuals they seek to represent have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

**NINETEENTH SEPARATE DEFENSE**

**(Waiver of Second Meal Periods— Third, Fifth, Sixth, and Eighth Causes of Action)**

19.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent that Plaintiffs and/or those individuals they seek to represent have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

**TWENTIETH SEPARATE DEFENSE**

**(Payment of "Premium Wages"— Third Through Sixth, and Eighth Causes of Action)**

20.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent that Plaintiffs and/or those individuals they seek to represent were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period. The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

///

///

6

### TWENTY-FIRST SEPARATE DEFENSE

#### (No Injury: Labor Code § 226(e)—Sixth Cause of Action)

21.     Plaintiffs and those persons they seek to represent are not entitled to recover any penalties based upon their allegations of non-compliant pay statements to the extent that they, or any individual they seek to represent, did not suffer any injury within the meaning of Labor Code section 226(e).

### TWENTY-SECOND SEPARATE DEFENSE

#### (No Knowing and Intentional Violation of Labor Code § 226(e)—Sixth Cause of Action)

22.     Plaintiffs and those persons they seek to represent are not entitled to recover any penalties based upon their allegations of non-compliant pay statements because no knowing and intentional violation of Labor Code section 226 occurred.

### TWENTY-THIRD SEPARATE DEFENSE

#### (Good Faith Dispute: Labor Code §§ 203—Fifth Cause of Action)

23.     Plaintiffs and those persons they seek to represent are not entitled to penalties based on their allegations of violations of Labor Code section 203 because a good faith dispute exists as to Plaintiffs' claims, and as to the monies allegedly owed at the time of the alleged termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.

### TWENTY-FOURTH SEPARATE DEFENSE

#### (Res Judicata, Collateral Estoppel, and Issue Preclusion—All Causes of Action)

24.     Plaintiffs' claims, and those of the individuals they seek to represent, are barred to the extent that Plaintiffs or any individual they seek to represent were claimants or plaintiffs or could have been claimants or plaintiffs in any prior litigation or administrative action in which the present claims were or could have been asserted including, but not limited to, any prior class action, collective action, Private Attorneys General Act action, claim before the Division of Labor Standards Enforcement, or individual civil case relating to Plaintiffs' employment or the employment of any person they seek to represent. Plaintiffs' claims are further barred to the extent that the relief they seek in this action, or any claim on an issue relevant to this action, were decided against Plaintiffs, against any individual they seek

7

DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC AND PEAK RESTAURANT PARTNERS, LLC'S
ANSWER TO CLASS ACTION COMPLAINT / CASE NO. C25-00935

317355223v.3

1    to represent, or against any individual with similar interest in litigating the matter, in a prior judicial or

2    agency action.

### TWENTY-FIFTH SEPARATE DEFENSE

#### (Adequate Legal Remedy—Sixth and Eighth Causes of Action)

25.    Plaintiffs' claims are barred because Plaintiffs, and those they seek to represent, have an

adequate remedy at law.

### TWENTY-SIXTH SEPARATE DEFENSE

#### (No Standing—Eighth Cause of Action)

26.    Plaintiffs, and those individuals they seek to represent, lack standing to sue pursuant to

California Business & Professions Code section 17200, *et seq*., because Plaintiffs and/or those they seek

to represent have not suffered any injury in fact or lost money or property as a result of any alleged

unfair competition, and/or penalties are unavailable under the statutes Plaintiffs sue upon.

### TWENTY-SEVENTH SEPARATE DEFENSE

#### (No Unlawful, Unfair, or Fraudulent Business Practice — Eighth Cause of Action)

27.    Without admitting the allegations in the Complaint, Plaintiffs' cause of action pursuant to

California Business & Professions Code section 17200, *et seq.* fails because the alleged practices of

Defendants are not unfair, unlawful, or fraudulent, and are not likely to deceive the public. In addition,

Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices

outweigh any harm or other impact they may cause.

### TWENTY-EIGHTH SEPARATE DEFENSE

#### (No Recovery Under UCL — Eighth Cause of Action)

28.    Plaintiffs' cause of action pursuant to California Business & Professions Code section

17200, *et seq.* fails to the extent that it seeks anything but restitution for alleged violations of the Labor

Code that form the basis of the claim under the UCL.

///

///

///

8

### TWENTY-NINTH SEPARATE DEFENSE

### (Unreasonable and Unnecessary Expenses—Seventh Cause of Action)

29.     Plaintiffs' expense reimbursement claims are barred in whole or in part to the extent Plaintiffs or the putative class members seek reimbursement for expenses that were not incurred in direct consequence of the discharge of their duties or were not necessary or reasonable.

### THIRTIETH SEPARATE DEFENSE

### (Offset—All Causes of Action)

30.     To the extent that Plaintiffs or any individual they seek to represent are entitled to damages or penalties, Defendants are entitled to an offset for any overpayments of wages or other remuneration previously provided to Plaintiffs or that individual.

### THIRTY-FIRST SEPARATE DEFENSE

### (Improper Defendant—All Causes of Action)

31.     Defendant Peak California Restaurant Group, LLC was not Plaintiffs' employer and therefore is not a proper defendant.

### THIRTY-SECOND SEPARATE DEFENSE

### (Lack of Standing — All Causes of Action)

32.     Plaintiffs do not have standing to pursue some or all of the claims they purport to assert on behalf of others on a class basis.

### THIRTY-THIRD SEPARATE DEFENSE

### (Class Conflicts — All Causes of Action)

33.     Plaintiffs' class claims are barred because class certification would be inappropriate due to conflicts of interest between Plaintiffs and the proposed class members.

### THIRTY-FOURTH SEPARATE DEFENSE

### (Class Action: Due Process — All Causes of Action)

34.     Without admitting the allegations in the Complaint, Plaintiff's action may not be maintained as a class action because a determination of liability and/or damages, if any, to each member of the proposed class may not be determined by a factfinder on a group-wide basis, and therefore

allowing this action to proceed as a class action would violate Defendants' rights to due process and trial by jury.

## THIRTY-FIFTH SEPARATE DEFENSE

### (Incorporation by Reference to Individual Claims — All Causes of Action)

35.     In the event that a class should be certified in this matter, Defendants incorporate by reference and re-alleges all of their defenses to Plaintiffs' individual claims in response to Plaintiffs' claims on behalf of the class and each putative class member.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs takes nothing by their unverified Complaint;

2.     That this matter not be allowed to proceed on a class basis;

3.     That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

4.     That Defendants be awarded reasonable attorneys' fees according to proof;

5.     That Defendants be awarded the costs of suit incurred herein; and

6.     That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

317355223v.3

1    DATED: May 9, 2025                              Respectfully submitted,

2                                                     SEYFARTH SHAW LLP

3

4                                          By: _____

5                                                Elizabeth J. MacGregor
                                                 Steven Wong
6                                                Attorneys for Defendants
                                                 PEAK CALIFORNIA RESTAURANT
7                                                GROUP, LLC; PEAK RESTAURANT
                                                 PARTNERS LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             11
_____
DEFENDANTS PEAK CALIFORNIA RESTAURANT GROUP, LLC AND PEAK RESTAURANT PARTNERS, LLC'S
              ANSWER TO CLASS ACTION COMPLAINT / CASE NO. C25-00935
317355223v.3

Exhibit C

1  SEYFARTH SHAW LLP
   Elizabeth J. MacGregor (SBN 267326)
2  emacgregor@seyfarth.com
   Steven Wong (SBN 293343)
3  stewong@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:  (415) 397-2823
5  Facsimile:   (415) 397-8549

6  Attorneys for Defendants
   PEAK CALIFORNIA RESTAURANT GROUP, LLC;
7  PEAK RESTAURANT PARTNERS, LLC;
   ERICK BARRAGAN

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF CONTRA COSTA

12

13  YVETTE GONZALEZ, ROSA GUZMAN,           Case No. C25-00935
    MARGARITA GONZALEZ, and JORGE
14  BERROTERAN, individuals and on behalf of all      HONORABLE EDWARD G. WEIL
    others similarly situated,,
15
                    Plaintiffs,
16                                          DEFENDANT ERICK BARRAGAN'S
          v.                                ANSWER TO CLASS ACTION
17                                          COMPLAINT
    PEAK CALIFORNIA RESTAURANT GROUP,
18  LLC, a Georgia limited liability company; PEAK
    RESTAURANT PARTERS [sic] LLC, a limited
19  liability company doing business as iHop; ERICK
    BARRAGAN, an individual and DOES 1 through
20  100, inclusive,,

21                  Defendants.

22

23

24

25

26

27

28

Defendant ERICK BARRAGAN ("Defendant"), by and through his attorneys Seyfarth Shaw LLP, hereby submit his Answer to the unverified Complaint ("Complaint") filed on behalf of Plaintiffs YVETTE GONZALEZ, ROSA GUZMAN, MARGARITA GONZALEZ, and JORGE BERROTERAN ("Plaintiffs") in the above-captioned matter, as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, and matter and each purported cause of action contained in Plaintiffs' unverified Complaint, and without limiting the generality of the foregoing, deny generally and specifically that Plaintiffs or any individual that they seek to represent have been damaged in any way by reason of any act or omission of Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiffs. Defendant reserves the right to amend this Answer and to assert any additional defenses and affirmative defenses as may become available and apparent during the course of this litigation.

## FIRST SEPARATE DEFENSE

### (Arbitration—All Causes of Action)

1. This Court lacks jurisdiction over the Complaint to the extent the claims are found to be subject to the binding Arbitration Agreement executed by Plaintiff(s). Defendant therefore reserves the right to file a motion to compel arbitration and a motion to dismiss and/or stay proceedings.

## SECOND SEPARATE DEFENSE

### (Failure to State a Cause of Action—All Causes of Action)

2. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action or claim for relief.

///
///
///
///

2

### THIRD SEPARATE DEFENSE

#### (Statute of Limitations—All Causes of Action)

3.      Plaintiffs' purported causes of action are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338 and 340 and California Business & Professions Code § 17208.

### FOURTH SEPARATE DEFENSE

#### (Estoppel—All Causes of Action)

4.      Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH SEPARATE DEFENSE

#### (Laches—All Causes of Action)

5.      Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of laches.

### SIXTH SEPARATE DEFENSE

#### (Unclean Hands—All Causes of Action)

6.      Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH SEPARATE DEFENSE

#### (Waiver—All Causes of Action)

7.      Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH SEPARATE DEFENSE

#### (Release—All Causes of Action)

8.      Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part, to the extent that Plaintiffs or any individual they seek to represent entered into a valid release in relation to the subject claims.

///

///

3

## NINTH SEPARATE DEFENSE

### (Labor Code § 2856—All Causes of Action)

9.    Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part, by Labor Code section 2856 to the extent that Plaintiffs or any individual they seek to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiffs or that individual seeks relief.

## TENTH SEPARATE DEFENSE

### (Good Faith—All Causes of Action)

10.    Plaintiffs and those individuals they seek to represent are not entitled to any penalty because, at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that he did not violate the California Labor Code or the applicable wage order.

## ELEVENTH SEPARATE DEFENSE

### (Excessive Penalties Unconstitutional—All Causes of Action)

11.    Plaintiffs' claims for penalties pursuant to the California Labor Code are barred because Plaintiffs seeks penalties which are excessive, unjust, arbitrary, oppressive, confiscatory, duplicative, and/or capricious and/or bear no rational relationship to any actual harm allegedly suffered by Plaintiffs or those they seek to represent. *See* U.S. Const. amends. V and XIV; *see also* Cal. Const. art. I, § 7.

## TWELFTH SEPARATE DEFENSE

### (*De Minimis* Doctrine—First, Second, Fifth, Sixth, and Eighth Causes of Action)

12.    Plaintiffs' Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiffs and/or those individuals they seek to represent were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. *See, e.g., Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018), as modified on denial of reh'g (Aug. 29, 2018) (observing that employers may not be reasonably required to compensate employees for time spent on activities that are minute or irregular).

**THIRTEENTH SEPARATE DEFENSE**

**(Neutral, Lawful Rounding—First, Second, Fifth, Sixth, and Eighth Causes of Action)**

13.    Plaintiff's claims fail to the extent that it alleges unlawful rounding of employees' time punches, as the timekeeping practices are fair and neutral on their face, and the timekeeping practices do not undercompensate employees because any alleged rounding is neutral or favorable to employees in practice.

**FOURTEENTH SEPARATE DEFENSE**

**(Lack of Knowledge—All Causes of Action)**

14.    Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by, timely meal and rest breaks allegedly denied to, or unreimbursed expenses owed to Plaintiffs or those individuals they seek to represent. *See, e.g., Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation").

**FIFTEENTH SEPARATE DEFENSE**

**(Not Compensable Time—First, Second, Fifth, Sixth, and Eighth Causes of Action)**

15.    Plaintiffs' claims, and those of the individuals they seek to represent, are precluded to the extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

**SIXTEENTH DEFENSE**

**(Good Faith Dispute (Labor Code § 1194.2)— Second Cause of Action)**

16.    Plaintiffs, and those persons they seek to represent, are not entitled to Labor Code section 1194.2 penalties because a good faith dispute exists as to Plaintiffs' claims, such that Defendant cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

### SEVENTEENTH SEPARATE DEFENSE

**(Failure to Take Provided Meal Periods or Rest Breaks—Third Through Sixth, and Eighth Causes of Action)**

17.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent Plaintiffs and/or those individuals they seek to represent were provided with all required meal periods and authorized and permitted to take all required rest breaks, and chose not to take the meal and rest breaks provided or authorized and permitted.

### EIGHTEENTH SEPARATE DEFENSE

**(Waiver of Meal Periods—Third, Fifth, Sixth, and Eighth Causes of Action)**

18.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent that Plaintiffs and/or those individuals they seek to represent have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

### NINETEENTH SEPARATE DEFENSE

**(Waiver of Second Meal Periods— Third, Fifth, Sixth, and Eighth Causes of Action)**

19.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent that Plaintiffs and/or those individuals they seek to represent have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

### TWENTIETH SEPARATE DEFENSE

**(Payment of "Premium Wages"— Third Through Sixth, and Eighth Causes of Action)**

20.     Plaintiffs' Complaint, and each referenced cause of action contained therein, is barred to the extent that Plaintiffs and/or those individuals they seek to represent were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period. The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

///

///

///

6

## TWENTY-FIRST SEPARATE DEFENSE

### (No Injury: Labor Code § 226(e)—Sixth Cause of Action)

21.    Plaintiffs and those persons they seek to represent are not entitled to recover any penalties based upon their allegations of non-compliant pay statements to the extent that they, or any individual they seek to represent, did not suffer any injury within the meaning of Labor Code section 226(e).

## TWENTY-SECOND SEPARATE DEFENSE

### (No Knowing and Intentional Violation of Labor Code § 226(e)—Sixth Cause of Action)

22.    Plaintiffs and those persons they seek to represent are not entitled to recover any penalties based upon their allegations of non-compliant pay statements because no knowing and intentional violation of Labor Code section 226 occurred.

## TWENTY-THIRD SEPARATE DEFENSE

### (Good Faith Dispute: Labor Code §§ 203—Fifth Cause of Action)

23.    Plaintiffs and those persons they seek to represent are not entitled to penalties based on their allegations of violations of Labor Code section 203 because a good faith dispute exists as to Plaintiffs' claims, and as to the monies allegedly owed at the time of the alleged termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.

## TWENTY-FOURTH SEPARATE DEFENSE

### (Res Judicata, Collateral Estoppel, and Issue Preclusion—All Causes of Action)

24.    Plaintiffs' claims, and those of the individuals they seek to represent, are barred to the extent that Plaintiffs or any individual they seek to represent were claimants or plaintiffs or could have been claimants or plaintiffs in any prior litigation or administrative action in which the present claims were or could have been asserted including, but not limited to, any prior class action, collective action, Private Attorneys General Act action, claim before the Division of Labor Standards Enforcement, or individual civil case relating to Plaintiffs' employment or the employment of any person they seek to represent. Plaintiffs' claims are further barred to the extent that the relief they seek in this action, or any claim on an issue relevant to this action, were decided against Plaintiffs, against any individual they seek

to represent, or against any individual with similar interest in litigating the matter, in a prior judicial or agency action.

### TWENTY-FIFTH SEPARATE DEFENSE

### (Adequate Legal Remedy—Sixth and Eighth Causes of Action)

25. Plaintiffs' claims are barred because Plaintiffs, and those they seek to represent, have an adequate remedy at law.

### TWENTY-SIXTH SEPARATE DEFENSE

### (No Standing—Eighth Cause of Action)

26. Plaintiffs, and those individuals they seek to represent, lack standing to sue pursuant to California Business & Professions Code section 17200, *et seq.*, because Plaintiffs and/or those they seek to represent have not suffered any injury in fact or lost money or property as a result of any alleged unfair competition, and/or penalties are unavailable under the statutes Plaintiffs sue upon.

### TWENTY-SEVENTH SEPARATE DEFENSE

### (No Unlawful, Unfair, or Fraudulent Business Practice — Eighth Cause of Action)

27. Without admitting the allegations in the Complaint, Plaintiffs' cause of action pursuant to California Business & Professions Code section 17200, *et seq.* fails because the alleged practices of Defendant are not unfair, unlawful, or fraudulent, and are not likely to deceive the public. In addition, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### TWENTY-EIGHTH SEPARATE DEFENSE

### (No Recovery Under UCL — Eighth Cause of Action)

28. Plaintiffs' cause of action pursuant to California Business & Professions Code section 17200, *et seq.* fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claim under the UCL.

///

///

///

///

8

### TWENTY-NINTH SEPARATE DEFENSE

### (Unreasonable and Unnecessary Expenses—Seventh Cause of Action)

29.    Plaintiffs' expense reimbursement claims are barred in whole or in part to the extent Plaintiffs or the putative class members seek reimbursement for expenses that were not incurred in direct consequence of the discharge of their duties or were not necessary or reasonable.

### THIRTIETH SEPARATE DEFENSE

### (Offset—All Causes of Action)

30.    To the extent that Plaintiffs or any individual they seek to represent are entitled to damages or penalties, Defendant is entitled to an offset for any overpayments of wages or other remuneration previously provided to Plaintiffs or that individual.

### THIRTY-FIRST SEPARATE DEFENSE

### (Improper Defendant—All Causes of Action)

31.    Defendant Erick Barragan is not a proper defendant because at all times relevant to this action Defendant was not the employer of Plaintiffs and those they seeks to represent, nor was he an owner, director, officer, or managing agent of their employer.

### THIRTY-SECOND SEPARATE DEFENSE

### (Lack of Standing — All Causes of Action)

32.    Plaintiffs do not have standing to pursue some or all of the claims they purport to assert on behalf of others on a class basis.

### THIRTY-THIRD SEPARATE DEFENSE

### (Class Conflicts — All Causes of Action)

33.    Plaintiffs' class claims are barred because class certification would be inappropriate due to conflicts of interest between Plaintiffs and the proposed class members.

### THIRTY-FOURTH SEPARATE DEFENSE

### (Class Action: Due Process — All Causes of Action)

34.    Without admitting the allegations in the Complaint, Plaintiff's action may not be maintained as a class action because a determination of liability and/or damages, if any, to each member of the proposed class may not be determined by a factfinder on a group-wide basis, and therefore

9

allowing this action to proceed as a class action would violate Defendant's rights to due process and trial by jury.

## THIRTY-FIFTH SEPARATE DEFENSE

### (Incorporation by Reference to Individual Claims — All Causes of Action)

35.     In the event that a class should be certified in this matter, Defendant incorporates by reference and re-alleges all of their defenses to Plaintiffs' individual claims in response to Plaintiffs' claims on behalf of the class and each putative class member.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs takes nothing by their unverified Complaint;

2.     That this matter not be allowed to proceed on a class basis;

3.     That judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;

4.     That Defendant be awarded reasonable attorneys' fees according to proof;

5.     That Defendant be awarded the costs of suit incurred herein; and

6.     That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

1    DATED: May 9, 2025                    Respectfully submitted,

2                                  SEYFARTH SHAW LLP

3

4                              By: _____

5                                 Elizabeth J. MacGregor
                                Steven Wong

6                                 Attorneys for Defendants
                                PEAK CALIFORNIA RESTAURANT

7                                 GROUP, LLC; PEAK RESTAURANT
                                PARTNERS LLC; ERICK BARRAGAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ERICK BARRAGAN'S ANSWER TO CLASS ACTION COMPLAINT / CASE NO. C25-00935
317693792v.1